IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-03070-GPG

GURJEET SINGH,

       Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

       Respondents.

---

**ORDER**

---

Before the Court is a Petition for a Writ of Habeas Corpus Under 28 U.SC. §§ 2241 (D. 1). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243. The Court GRANTS IN PART the Petition for the following reasons.

## I. FACTS

Petitioner was taken into Immigration and Customs Enforcement (ICE) custody on May 4, 2026, and received a custody redetermination hearing under 8 U.S.C § 1226(a) on May 19, 2026 (D. 1-1 at ¶¶ 14, 17). Petitioner alleges that at that hearing, the immigration judge (IJ) incorrectly placed the burden on Petitioner to prove that he is not a danger to community or a flight risk, in

1

violation of his Fifth Amendment rights (*id.* at ¶ 18).  As a result, Petitioner seeks immediate release, or, in the alternative, a bond hearing at which the Government bears the burden of proof (D. 1 at 8).  Respondents argue that this Court lacks jurisdiction to hear Petitioner's claim, and existing law places the burden of proof on the detainee (D. 9).

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.  ANALYSIS

### A.  This Court Has Jurisdiction Over Petitioner's Claim

Respondents' argument that this Court lacks jurisdiction over Petitioner's claim because he has not exhausted available administrative remedies is unavailing.  While exhaustion of available administrative remedies is generally a prerequisite for § 2241 habeas relief, "a narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile."  *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).  The relevant question is "whether it would be *futile* to require the [detainee] to go through the [Board of Immigration Appeals] review process."  *Id.* (citation omitted).  In this case, appeal to the Board of Immigration Appeals (BIA) would be futile.  As Respondents themselves discuss (*see* D. 13 at 9–10), the BIA places the burden on the detained individual to establish that he or she does not present a flight risk or danger, during both initial § 1226(a) custody determinations and custody redeterminations.  *See Matter of E-Y-F-G-,* 29 I. & N. Dec. 103, 103–04 (BIA 2025); *Matter of Adeniji*, 22 I&N Dec. 1102, 1112-13 (BIA

1999).  Therefore, appeal to the BIA challenging the applicable burden of proof would serve no purpose other than to affirm the IJ's applied burden and delay Petitioner's inevitable habeas claim.

Respondents' argument that Petitioner essentially seeks to relitigate his custody determination, which this Court may not entertain under 8 U.S.C. § 1226(e), is similarly unavailing.  Section 1226(e) states:

> The Attorney General's discretionary judgment regarding application of [§ 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).  As the Supreme Court has explained, "§ 1226(e) precludes an alien from challenging a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (citation modified).  What § 1226(e) does not do is preclude judicial consideration of errors of law in agency proceedings, including claimed due process violations.  *See L.G. v. Choate,* 744 F. Supp. 3d 1172, 1178 (D. Colo. 2024) (citing *Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1209 (9th Cir. 2022)).  *See also Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1218 (10th Cir. 2001) ("§ 1226(e) does not 'speak[ ] with sufficient clarity to bar jurisdiction pursuant to the general habeas statute.'" (quoting *I.N.S. v. St. Cyr,* 533 U.S. 289, 290 (2001))).  Here, Petitioner does not seek to relitigate the merits of his custody determination.  Rather, he raises a due process challenge to Respondents' application of § 1226(a) proceedings.  Therefore, his claim is not precluded under the § 1226(e).

### B.  Petitioner is Entitled to a New Bond Hearing

As this Court thoroughly explained in *Barreno v. Baltasar*, in the context of a bond hearing under 8 U.S.C. § 1226(a), due process requires that the Government bear the burden of proving

that a detainee is a flight risk by a preponderance of the evidence and a danger to community by clear and convincing evidence. No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *3 (D. Colo. Nov. 14, 2025) (finding that the three *Matthews* factors weighed in favor of placing the burden of proof on the Government in § 1226(a) bond hearings). In recent months, the Court has repeatedly ordered Respondents to provide individuals detained under § 1226(a) with bond hearings according to this standard. Therefore, the Court sees no purpose in awaiting a response from Respondents prior to granting relief; however, should there be legal or factual issues not apparent from the Petition needing resolution by the Court prior to providing a new bond hearing, Respondents may file a Motion seeking an extension or relief from this Order. *See* 28 U.S.C. § 2243 ("The return and all suggestions made against it may be amended, by leave of court, before or after being filed."); *Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).

### IV.  CONCLUSION

For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Barreno*, 2025 WL 3190936, *3. Respondents shall provide Petitioner with such a bond hearing under § 1226(a) within SEVEN DAYS of receiving notice of this Order and Respondents have the responsibility to ensure that the government applies those burdens and provides a sufficient record

for review.  Additionally, Respondents SHALL notify Petitioner and any counsel who has entered an appearance in this action of the date, time, and place of the hearing no less than 24 hours prior to the beginning of the hearing.  Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial.  Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

DATED July 30, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge